**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:22CV-P85-JHM**

**JAMES DUNN**                                                                                          **PLAINTIFF**

**v.**

**DAVIESS CO.** *et al.*                                                                                **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Plaintiff James Dunn filed this *pro se* prisoner 42 U.S.C. § 1983 action. This matter is before the Court upon initial review of the complaint under 28 U.S.C. § 1915A. For the reasons set forth herein, the Court will dismiss the action.

**I.**

Plaintiff is a pretrial detainee at Daviess County Detention Center (DCDC). He sues Daviess County; Jenny Phillips, Nicki Fentress, and Cassie Thompson, who he indicates are nurses at DCDC employed by Southern Health Partners (SHP); and Tamberly McCoy, who he identifies as a doctor at DCDC employed by SHP. He sues Defendants Phillips, Fentress, Thompson, and McCoy in their official capacities only.

Plaintiff states, "On or around 5-2-22 thru 5-20-22 I feel my 8th amendment rights were violated due to medical neglegence when the staff at [SHP] and [DCDC] in cell C110 when they did not isolate inmate Jeremy Cole and 12 other inmates that had been infected with scabies . . . ." He states that this "put me and the other inmates in the cell at risk to catch scabies." He continues as follows:

> After 2 times treating only the 13 inmates that were infected that were known instead of treating everyone in the cell put the rest of us at risk of getting it until the third time they finally treated the entire cell which we asked to be done the first two times and were denied by staff at SHP and DCDC both times they never changed the linens or did our infected laundry like we were told was going to be done until

the third time we were put on isolation which due to all of this I feel my health and body were put at risk of harm or harmful conditions.

As relief, Plaintiff seeks compensatory damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. § 1983 claims**

**1. Daviess County and official-capacity claims**

Plaintiff sues Daviess County. A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government

body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55). Thus, Plaintiff's official-capacity claims against Defendants Phillips, Fentress, Thompson, and McCoy are actually brought against their employer, SHP, which presumably contracted with Daviess County to provide medical care to inmates. The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as SHP. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Therefore, liability of a contracted private entity also must be based on a policy or custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

In the instant case, Plaintiff does not allege that he was denied medical treatment pursuant to a policy or custom of either Daviess County or SHP. Accordingly, Plaintiff's claims against Defendant DCDC and his official-capacity claims against Defendants Phillips, Fentress, Thompson, and McCoy must be dismissed for failure to state a claim upon which relief may be granted.

**2. Individual-capacity claims**

Plaintiff did not sue Defendant Phillips, Fentress, Thompson, or McCoy in his or her individual capacity, but even if he had, the claims would fail. First, it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a

4

defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro s*e complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)).

Plaintiff fails to allege specific conduct on the part of Defendant Phillips, Fentress, Thompson, or McCoy. Therefore, Plaintiff's individual-capacity claims against these Defendants would be subject to dismissal for failure to state a claim upon which relief may be granted.

Furthermore, even if Plaintiff had made specific allegations against any of these Defendants, the claims would still fail. While Plaintiff alleges violation of the Eighth Amendment, because Plaintiff is a pretrial detainee, his claims fall under the Fourteenth Amendment. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). Therefore, his claims under the Eighth Amendment must be dismissed for failure to state a claim.

With regard to his claims under the Fourteenth Amendment, the standard for inadequate-medical-care claims brought by pretrial detainees has been in flux in the Sixth Circuit.[1] In *Greene v. Crawford Cnty.*, 22 F.4th 593 (6th Cir. 2022), the Sixth Circuit clarified the standard as follows:

> *Brawner* modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness: "A pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Brawner*, 14 F.4th at 597 (6th Cir. 2021) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). In other words, a plaintiff must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. (citation and quotation marks omitted).

*Id*. at 605-06. More recently, the Sixth Circuit decided *Trozzi v. Lake Cnty.*, 29 F.4th 745 (6th Cir. 2022), which articulated the modified standard as follows:

> [A] plaintiff must satisfy three elements: (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

*Id*. at 757. Importantly, this standard still "ensur[es] that there is a sufficiently culpable mental state to satisfy the []high bar[] for constitutional torts grounded in a substantive due process

---

[1] An Eighth Amendment claim for deliberate indifference to serious medical needs has both an objective and a subjective component. *Id*. at 937-38. To meet the objective component, the plaintiff must show that the medical need is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To meet the subjective component, the plaintiff must show that "an official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id*. at 837. The plaintiff must demonstrate that the official was aware of facts from which an inference of substantial risk of serious harm to inmate health or safety could be drawn and that the official actually drew the inference. *Id*. The Due Process Clause of the Fourteenth Amendment "forbids holding pretrial detainees in conditions that 'amount to punishment.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 405 (2015) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Therefore, when a pretrial detainee asserts a claim of denial of medical treatment, the claim is analyzed under the Fourteenth Amendment. *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566-67 (6th Cir. 2020) (citing *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Richmond*, 885 F.3d at 937 (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). In *Kingsley v. Hendrickson*, however, the Supreme Court analyzed the standard applied to an excessive-force claim brought by a pretrial detainee and eliminated the subjective prong of the deliberate indifference standard for such a claim. 576 U.S. at 397-400. In *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021), the Sixth Circuit held that "*Kingsley* requires modification of the subjective prong of the deliberate-indifference test for pretrial detainees" in the context of a claim of deliberate indifference to serious medical needs.

violation." *Id*. at 758. A showing of "mere negligence is insufficient." *Id*. at 753 (citing *Brawner*, 14 F.4th at 596).

Plaintiff does not allege in the complaint that he contracted scabies, but, construing the complaint broadly, the Court will presume that he did. Additionally, for purposes of this initial review, the Court will presume that Plaintiff's alleged scabies infection constitutes an objectively serious medical need under the above standard. However, based upon Plaintiff's allegations, the Court concludes that Defendants Phillips, Fentress, Thompson, and McCoy cannot be said to have acted with reckless disregard to Plaintiff's serious medical needs. Plaintiff specifically alleges that Defendants' actions were due to "medical neglegence[,]" which is "insufficient" to meet the modified Fourteenth Amendment standard. *See id.* Moreover, he states that multiple attempts were made to treat the scabies outbreak and that Defendants ultimately "treated the entire cell[.]" While Defendants' actions may have been negligent, Plaintiff has not alleged that Defendants deliberately and recklessly disregarded his ostensibly serious medical need. Consequently, any claims against Defendants Phillips, Fentress, Thompson, and McCoy in their individual capacities would be dismissed for failure to state a claim upon which relief may be granted.

### B. State-law claims

To the extent that Plaintiff alleges a separate claim of medical negligence, having determined that the federal claims, which provide the jurisdictional basis of this suit, should be dismissed, this Court declines to exercise supplemental jurisdiction over any remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The state-law claims will be dismissed without prejudice.

## IV.

The Court will enter a separate Order dismissing this action for the reasons stated herein.

Date:   December 16, 2022

*[signature: Joseph H. McKinley]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
  Defendants
  Daviess County Attorney
4414.010

8